RAYMOND C. GOODE v. TAIT, INC.

No. 7721SC582

(Filed 2 May 1978)

**Carriers § 8.1; Rules of Civil Procedure § 56— summary judgment—when appropriate**

G.S. 1A-1, Rule 56(c) requires that before summary judgment may be had, the materials filed must affirmatively show that not only would the moving party be entitled to judgment from the evidence contained within the materials, but they must also show that there can be no other evidence from which a jury could reach a different conclusion as to a material fact; therefore, summary judgment was inappropriate in an action to recover damages for injury sustained by plaintiff when water pumps and tanks which had been loaded onto a truck by defendant fell onto plaintiff, since the materials relied on by defendant showed that plaintiff did not know the cause of the accident, but they did not show that there was no other evidence that the pumps and tanks were negligently stacked.

APPEAL by plaintiff from *Albright, Judge*. Judgment entered 11 May 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 6 April 1978.

This is an appeal from a summary judgment entered against the plaintiff in an action seeking damages for personal injury. The

plaintiff alleged that he drove a tractor pulling a trailer from Fayetteville, North Carolina to Lumberton, North Carolina, which trailer had been loaded by the defendant in Dayton, Ohio. The trailer contained a load of water pumps and water tanks. The plaintiff further alleged that as he was helping another person unload the tanks and pumps in Lumberton, they fell against him and he was injured. The plaintiff's theory is that the pumps and tanks were negligently loaded by the defendant in Ohio which caused them to fall and injure him.

The plaintiff testified by deposition that each pump was in a box. The boxes were stacked in rows three boxes high with the tanks lying loose on top of the boxes. After plaintiff and his helper had unloaded several rows, the person working with him carried a load of pumps by handtruck into a warehouse. The plaintiff, while waiting for him to return, was standing on the back of the trailer with his back to the tanks and pumps that were still loaded on the trailer. While he was so standing, the pumps and tanks fell against him. The plaintiff testified he did not know what caused the stacks to fall unless the second layer "wasn't setting on top of each other right", and he could not say whether or not it was. On its motion for summary judgment, the defendant relied on the pleadings and the deposition taken from the plaintiff.

*Eubanks and Walden, by Daniel S. Walden, for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by Allan R. Gitter and William C. Raper, for defendant appellee.*

WEBB, Judge.

The judgment must be reversed. Rule 56(c) of the Rules of Civil Procedure provides in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

The rule requires that before summary judgment may be had, the materials filed must affirmatively show that not only

would the moving party be entitled to judgment from the evidence contained within the materials, but they must also show that there can be no other evidence from which a jury could reach a different conclusion as to a material fact. The rule has been stated to be that the materials must show there is no triable issue. *Long v. Long*, 15 N.C. App. 525, 190 S.E. 2d 415 (1972). Applying the rule to this case, the deposition of the plaintiff can be read to mean he did not know the cause of the accident. For this reason, there is no evidence of negligence as to the loading. After considering the deposition and the pleadings, however, there still could be a triable issue because there could be other evidence that the pumps and tanks were negligently stacked. Thus, the materials relied on by the defendant do not show there is not a triable issue of negligence.

We presume the trial court relied on the rule as stated in *Haithcock v. Chimney Rock*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971) as follows: "[t]he test is whether the moving party, by affidavit, or otherwise, presents materials which would require a directed verdict in his favor if presented at trial", and concluded that if the materials offered had been presented at a trial, a directed verdict would have been proper for defendant. In *Haithcock*, the plaintiff sued for injuries from a fall on the defendant's premises. She stated on adverse examination that she could not tell what caused her to fall. The facts in that case were such that she was the only one in a position to know what caused the fall. For that reason, summary judgment was appropriate. In this case, there were others who might be able to tell how the pumps and tanks were stacked and for that reason, summary judgment was not appropriate.

Reversed and remanded.

Judges PARKER and VAUGHN concur.