HERMAN CLAYTON MIDDLETON v. JAMES WOODROW MYERS AND LOU WILLIAMS, JR.

No. 7822SC782

(Filed 5 June 1979)

1. **Malicious Prosecution § 10; Rules of Civil Procedure § 56.3— affidavit setting out thoughts and feelings—consideration by court proper**

   In an action for malicious prosecution where plaintiff alleged that defendants conspired to have drugs placed in his truck, the trial court did not err in considering one defendant's affidavit offered in support of his summary judgment motion which set out material which defendant thought or felt, since the affidavit was not tendered to show the truth of the things alleged but to show defendant's motivation in contacting a police officer who was the other defendant.

2. **Malicious Prosecution § 13.3; Rules of Civil Procedure § 56.2— evidence of good faith—summary judgment—shifting burden of proof**

 In an action for malicious prosecution where defendant by his affidavit presented evidence to show his good faith or lack of malice, the burden shifted to plaintiff to go forward with an affirmative showing that a material issue of fact existed as to this essential element, and this plaintiff failed to do. Furthermore, there was no merit to plaintiff's argument that defendant who moved for summary judgment was required not only to show that he was entitled to judgment from the evidence presented to the court, but also that there could be no other evidence from which a jury could reach a different conclusion as to a material fact.

APPEAL by plaintiff from *Collier, · Judge.* Judgment entered 16 June 1978 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 4 May 1979.

On 3 March 1975 plaintiff was arrested on drug charges by Lexington police officers, one of whom was defendant Myers. The subsequent criminal proceedings were dismissed. Plaintiff alleges that "[a]s a result of proceedings had in the criminal prosecution, it was disclosed and learned that some unknown persons had placed certain illegal drugs in a motor vehicle owned by the plaintiff." He alleges that defendants conspired to have the drugs placed there and to bring about this malicious prosecution. He also alleges that defendants by causing this malicious prosecution have injured him in his vocation as a high school teacher, damaged his reputation, and cost him $4500 in conducting his defense. He seeks $250,000 compensatory and $250,000 punitive damages.

Defendant Williams moved to quash service of process, to dismiss for failure to state a claim, and for summary judgment, attaching an affidavit in support of these motions. After a hearing on the motions at which defendant Myers testified for plaintiff, the trial court found that plaintiff's complaint failed to state a claim for relief, and that defendant Williams was entitled to summary judgment. From the order entering summary judgment for defendant Williams, plaintiff appeals.

*Wilson, Biesecker, Tripp and Wall, by Joe E. Biesecker, for plaintiff appellant.*

*Rosbon D. B. Whedbee for defendant appellee.*

ARNOLD, Judge.

Defendant's affidavit in support of his motions stated that he had overheard three unidentified young people in a restaurant say that a teacher named Middleton had plenty of drugs for sale. Defendant Williams previously had been talking to defendant Myers about local drug problems, and he recalled that the name Middleton had been mentioned then. Accordingly, he contacted Myers later that day, and

> I asked him if he remembered our previous conversation about a person named Middleton. He replied, "Yes, we have had several reports that he has been dealing." Officer Myers asked me where I got my information (as to overhearing the conversation) and I told him I preferred not to go into further detail. Officer Myers told me they had been surveilling him (Middleton) a long time and I told him that if this was the same man that I had heard the young men discuss, I felt reasonably certain one or more of the young men would be contacting him that same night. Officer Myers asked if I was sure. I told him I would not swear there would be any contact or purchases, but from the total conversation which I had overheard, it seemed to me to be almost certain. I again asked if I would be involved and was assured I would not be. Officer Myers asked if I knew where the drugs were, and I replied, "I have no absolute or definite proof." He asked, "Doesn't he drive a truck?" I said, "I don't know but that's as good a place to start as any, since the young men I overheard talking mentioned he made deliveries. If you have additional information as you say, that might further confirm what I overheard and have told you. It appears to me that there must be a whole lot of truth that he is really dealing in drugs, but I will leave this up to you."

> I further stated to Officer Myers: "I feel it is my civic duty to give you this information and I hope it will help prevent or stop some of the drug problems in our community."

Defendant did not know the plaintiff prior to that day.

[1] Plaintiff contends that defendant's affidavit in support of his motion should not have been considered by the trial court because (1) it does not state that the facts it contains are based on

the affiant's personal knowledge, and (2) it is based on hearsay. G.S. 1A-1, Rule 56(e) requires that supporting affidavits be made "on personal knowledge," but it does not require that the affidavit state specifically that this is the case. Nor did the court require such a specific statement in *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). There portions of the affidavit were found incompetent because they declared that plaintiff was "advised and informed" of the matters involved. Here the affidavit appears on its face to be based on Williams' personal knowledge. It is necessary to remember that the case before us is not a criminal prosecution of the plaintiff for the possession of illegal drugs, but a civil action for malicious prosecution. The affidavit was tendered not to show that the plaintiff had drugs in his possession, a matter upon which defendant Williams had no personal knowledge, but to show the occurrences that led Williams to contact defendant Myers. Williams had personal knowledge of the conversation he overheard.

The same distinction applies to plaintiff's reliance on *Peterson v. Winn-Dixie of Raleigh, Inc.*, 14 N.C. App. 29, 187 S.E. 2d 487 (1972). In that case, the plaintiff testified on deposition that she *thought* that soft drink cartons had fallen on her because they were improperly stacked; this testimony was ruled inadmissible in opposition to a summary judgment motion because such testimony would not have been competent evidence at trial. Here, defendant's statements about what he thought or felt are not intended to show that those things were actually the case, but rather that he had those thoughts and feelings, and the statements would be admissible at trial to show his motives. The trial court did not err in considering defendant's affidavit.

[2] Plaintiff also argues that issues of material fact exist. We disagree. An action for malicious prosecution is based upon malice in causing process to issue. *Barnette v. Woody*, 242 N.C. 424, 88 S.E. 2d 223 (1955). Defendant Williams by his affidavit presented evidence to show his good faith, or lack of malice. This carries the burden placed upon him by Rule 56(e), and shifts to plaintiff the burden of going forward with an affirmative showing that a material issue of fact exists as to this essential element. *Brooks v. Smith*, 27 N.C. App. 223, 218 S.E. 2d 489 (1975). In opposition to the motion, plaintiff presented the testimony of defendant Myers. This testimony, considered in plaintiff's favor as it must be,

shows that Williams made some statement to Myers about plaintiff having drugs in his truck; that, asked how he knew that, Williams responded only, "If I say they will be there, they will be there"; and that Williams made no statement to Myers that he had overheard any conversation. This falls far short of showing malice on Williams' part.

Plaintiff also argues that defendant has failed to satisfy the requirement of *Goode v. Tait, Inc.,* 36 N.C. App. 268, 270, 243 S.E. 2d 404, 406, *cert. den.* 295 N.C. 465, 246 S.E. 2d 215 (1978), that the moving party show not only that he would "be entitled to judgment from the evidence [presented to the court], but . . . also . . . that there can be no other evidence from which a jury could reach a different conclusion as to a material fact." However, we believe that *Goode v. Tait, Inc.* was incorrect in placing such a burden upon the moving party, since our Supreme Court in the recent case of *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979), has on facts nearly identical to *Goode* reached the opposite result. the plaintiff in *Goode* sought damages for personal injury sustained when a stack of water pumps and tanks he was unloading fell against him. He testified by deposition that he did not know what caused the stacks to fall. To support its motion for summary judgment, the defendant relied on the pleadings and the plaintiff's deposition. This Court held that the deposition was an insufficient basis for summary judgment, since "there still could be a triable issue because there could be other evidence that the pumps and tanks were negligently stacked." *Goode v. Tait, Inc., supra* at 270, 243 S.E. 2d at 406. The plaintiff in *Moore* sued to recover for personal injuries he sustained when bales of fiber he was unloading fell on him. The defendant rested its motion for summary judgment on the pleadings and the depositions of plaintiff and his supervisor, William Boyd. Neither deposition indicated negligence on defendant's part, and plaintiff in his deposition testified that he noticed nothing unusual about the bales and did not know what caused them to fall. The Supreme Court held that the forecast of evidence in these two depositions "establish[es] a lack of negligence on the part of either defendant and entitle[s] both defendants to judgment as a matter of law unless forestalled by a forecast of evidence by plaintiff . . . showing some negligent act on the part of one or both defendants proximately causing plaintiff's injury." *Moore v. Fieldcrest Mills,*

*Inc., supra* at 473, 251 S.E. 2d at 423. No burden was placed on the moving party to prove that there could be *no* other evidence from which the jury could reach a different conclusion.

As the evidence before the court established the nonexistence of one essential element of plaintiff's case, defendant Williams was entitled to summary judgment. *Moore v. Fieldcrest Mills, Inc., supra.* The order of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.