ROBERT LEWIS RUSTAD v. CECILIA SALLEY RUSTAD

No. 8321DC523

(Filed 17 April 1984)

1. **Arbitration and Award § 2— child support action—waiver of agreement to arbitrate**

When the parties submitted themselves to the jurisdiction of the court in a child custody and support action, they waived their rights to arbitration arising under a separation agreement and foreclosed their rights to enter into a subsequent arbitration agreement concerning child custody and support. Therefore, an agreement to arbitrate spousal and child support which was entered after the court awarded custody was void *ab initio*, the trial court retained sole jurisdiction over matters involving child support, and the court had jurisdiction over plaintiff father's motion to eliminate an amount paid for child support after he was given custody of the children.

2. **Divorce and Alimony § 24.2— separation agreement—amount intended for child support**

The trial court properly found that a separation agreement contemplated that $500 of the amount paid by plaintiff husband to defendant wife for support each month was for child support and that plaintiff was entitled to reduce his support payments by $500 per month after he was given custody of the children where the agreement provided that "the husband shall pay to the wife as alimony for her support and the support of the children the sum of one thousand two hundred sixty-five dollars ($1,265) per month as basic support and alimony," that plaintiff's support obligation would be reduced by $200 when the first child of the parties enrolled in college or turned 19 and that it would be reduced by $300 when the second child enrolled in college or turned 19, and that the payments would be reduced by $765 if defendant wife remarried.

APPEAL by defendant from *Harrill, Judge.* Judgment entered 23 December 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 2 April 1984.

This appeal concerns the jurisdiction of the court and the validity of its order reducing plaintiff husband's support payments to defendant wife by $500, after finding that such sum was intended to be child support.

The pertinent facts are: The parties were married in 1964. Two children were born of the marriage. In 1979, the parties separated and executed a written separation agreement. The agreement provided that the parties would have joint custody of the children but that defendant wife would have physical custody. Paragraph Six of the agreement provided in pertinent part:

> 6. *Support of Wife and Children*: (a) Beginning May 1, 1979, and on the first of each month thereafter until reduced, increased or terminated as hereinafter provided, the husband shall pay to the wife as alimony for her support and the support of the children the sum of one thousand two hundred sixty-five dollars ($1,265) per month as basic support and alimony.

Paragraph Seven of the agreement provided in pertinent part:

> 7. (e) No alimony shall abate during any visitation even as long as two months unless the permanent residence of the minor children shall be changed by mutual agreement of the parties.

In Paragraph Sixteen, the parties agreed to submit all future disputes arising under the agreement to mediation and arbitration.

On 27 March 1981, a divorce judgment was entered which incorporated by reference the parties' separation agreement. The court, in its order, specifically retained jurisdiction to enforce the support provisions of the agreement.

On 24 April 1981, defendant wife filed an action for custody and child support. Plaintiff husband answered and counterclaimed, and on 30 April 1982, after both parties had presented evidence, the court awarded custody of the children to plaintiff husband. The court included in its order a provision that the mat-

ter would "remain open for further orders of the Court as may be in the best interests of the children."

Less than two weeks after entry of this custody order, on 11 May 1982, the parties executed a written agreement to submit to mediation and, if necessary, binding arbitration, the issues of spousal and child support.

On 2 August 1982, despite this agreement, plaintiff brought the present action to reduce his support obligation by $500 per month. Defendant moved to dismiss the action on the ground that the parties were contractually bound to submit this issue to mediation and arbitration. The court, after both parties had presented evidence, found, in essence, that it had jurisdiction over the matter, arbitration not being a necessary precondition to litigation. The court also found that plaintiff was entitled to a $500 per month reduction in support, such sum representing the amount of plaintiff's child support obligation.

*Thomas J. Keith, for plaintiff appellee.*

*Clyde C. Randolph, Jr. and Keith Y. Sharpe, for defendant appellant.*

VAUGHN, Chief Judge.

I.

[1]   The first question we consider on appeal is whether the trial court had jurisdiction to hear plaintiff's motion in light of the parties' contractual agreement to submit disputes regarding spousal and child support to mediation and arbitration. For reasons set forth below, we hold that the trial court had such jurisdiction.

The parties in this case entered into a separation agreement in 1979, which included therein provisions for custody and support. Said agreement also contained a provision that all future disputes arising out of or relating to the contract would be submitted to mediation and arbitration. Ordinarily, a contractual agreement to resolve disputes through arbitration is valid, enforceable, and irrevocable. G.S. 1-567.2; *Adams v. Nelsen*, 67 N.C. App. 284, --- S.E. 2d --- (1984); *Sims v. Ritter Construction, Inc.*, 62 N.C. App. 52, 302 S.E. 2d 293 (1983). In *Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E. 2d 793 (1982), our Supreme Court made it

clear, moreover, that the policy underlying the recently adopted Uniform Arbitration Act, G.S. 1-567.1, *et seq.*, favoring arbitration as a means of dispute resolution, extends to domestic relations disputes. Although the court always retains ultimate authority to review and modify arbitration awards involving *custody* and *child* support, the parties may agree initially to submit such controversies to an arbitrator. *Crutchley, supra.*

In 1979, the parties agreed, in their separation contract, to submit controversies, including those involving custody and support, to arbitration. When, in 1981, a controversy involving custody developed, however, the parties instead submitted themselves to the jurisdiction of the court. On 30 April 1982, after a hearing in which both parties presented evidence, the court awarded custody to plaintiff husband and retained jurisdiction for further orders as necessary in the best interests of the children. By submitting themselves initially to the jurisdiction of the court, the parties waived their rights to arbitration arising under their separation agreement and furthermore foreclosed the right to enter into a subsequent arbitration agreement.

When, on 11 May 1982, the parties entered into an agreement to arbitrate disputes, including child support, such agreement was void *ab initio. See Crutchley, supra.* Once a civil action has been filed and is pending, it is too late to enter into an agreement to arbitrate. *Id.* The court, which rendered the 30 April custody order, retained sole jurisdiction over matters involving custody and child support. Defendant's motion for arbitration in this case, was, therefore, properly denied.

II.

[2]　We next consider defendant's contention that the trial court erred in allowing plaintiff to reduce his support payments by $500 per month, after finding such sum to have been intended as child support. For reasons set forth below, we find no error.

The cardinal principle in construing separation agreements, as with any other contract, is to determine the intent of the parties, ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time of the contract's execution. *Bowles v. Bowles*, 237

N.C. 462, 75 S.E. 2d 413 (1953). Upon review of the separation agreement involved here, we conclude that the trial court correctly ascertained the intention of the parties in construing the contract's support provisions.

Paragraph 6(a) of the agreement defeats any argument that plaintiff's obligation to pay $1,265 per month was intended solely as alimony, no part of which represented child support. Paragraph 6(a) provided:

> 6. *Support of Wife and Children:* (a) Beginning May 1, 1979, and on the first of each month thereafter until reduced, increased or terminated as hereinafter provided, the husband shall pay to the wife as alimony for her support and the support of the children the sum of one thousand two hundred sixty-five dollars ($1,265) per month as basic support and alimony.

Other provisions of the parties' contract make it clear that of plaintiff's total support obligation, $765 represented alimony and $500 represented child support. Paragraph 6(c) provided for a $200 reduction in plaintiff's support obligation when the parties' first child enrolled in college or turned nineteen and a $300 reduction when the second child enrolled in college or turned nineteen. The total reduction in support when the children either reached majority or entered college was thus $500. The contract, furthermore, consistent with traditional characteristics of alimony, provided for a $765 reduction in payments if defendant remarried. *See Falls v. Falls*, 52 N.C. App. 203, 278 S.E. 2d 546, *review denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981). Such reduction would leave defendant with $500 per month for child support.

We note that although the contract oftentimes uses the term "alimony" to refer to plaintiff's support obligation, the literal wording of a separation agreement does not control its interpretation. *Pruneau v. Sanders*, 25 N.C. App. 510, 214 S.E. 2d 288, *cert. denied*, 287 N.C. 664, 216 S.E. 2d 911 (1975). For tax reasons, payments intended as child support are often designated "alimony." *Falls v. Falls, supra.*

When the agreement was executed in 1979, the parties agreed that defendant would have physical custody of the children. Plaintiff, thus, as the non-custodial parent, had the obliga-

tion to provide child support. *See* G.S. 50-13.4. When, however, in 1982, pursuant to court order, plaintiff was given custody of the children, plaintiff's contractual and statutory obligation to provide defendant with child support abated. We note that pursuant to Paragraph 7(e) of the parties' agreement, "alimony" would not abate *unless* the permanent residence of the children changed.

Defendant has presented no evidence to refute a conclusion that $500 per month represented a reasonable and just child support obligation. *See Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). Finding that the court correctly determined the parties' intentions underlying the contract's support provisions and that plaintiff, as the custodial parent, no longer has an obligation to pay child support, we affirm the trial court order.

Affirmed.

Judges WHICHARD and PHILLIPS concur.