WILKES COUNTY VOCATIONAL WORKSHOP, INC. v. UNITED SLEEP PROD-
UCTS, INC., AND JOHN HILL

No. 576A87

(Filed 9 March 1988)

**Accounts § 1— open account—contract with individual defendant—summary judg-
ment improper**

    The Court of Appeals erred in affirming the entry of summary judgment
for the individual defendant in an action on an open account where a genuine
issue of material fact was presented as to whether plaintiff manufactured and
delivered its product pursuant to a contract with the individual defendant or
whether plaintiff contracted solely with the corporate defendant.

APPEAL of right by plaintiff pursuant to N.C.G.S. § 7A-30(2)
from an unpublished decision of a divided panel of the Court of
Appeals, reported at 87 N.C. App. 427, 361 S.E. 2d 327 (1987),
which affirmed a summary judgment for defendant John Hill en-
tered by *Gregory, J.,* on 16 October 1986 in District Court,
WILKES County. Heard in the Supreme Court 11 February 1988.

*Hall and Brooks, by John E. Hall, for plaintiff-appellant.*

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham
and William C. Gray, Jr., for defendant-appellee.*

WHICHARD, Justice.

The sole issue is whether the Court of Appeals erred in af-
firming the entry of summary judgment for the individual defend-
ant. We hold that it did, and accordingly we reverse.

Plaintiff, a charitable corporation which employs mentally
and physically handicapped persons, seeks to recover from de-
fendants the sum of $8,096.25 plus interest allegedly due on an
open account. The corporate defendant did not answer or other-
wise resist judgment. The individual defendant answered, deny-
ing any indebtedness to plaintiff. He subsequently moved for
summary judgment and filed a supporting affidavit averring that:
the corporate defendant is a duly organized corporation; the sub-
ject matter of this action involves transactions between plaintiff
and the corporate defendant; the individual defendant was an em-
ployee of the corporate defendant during the times in question
but did not place any of the orders to plaintiff which are the sub-

ject matter of this action; another employee placed these orders and received the stock purchased from plaintiff; and the corporate defendant filed corporate tax returns following its creation and during the time these transactions were conducted.

Plaintiff countered by filing its own motion for summary judgment. It supported the motion with an affidavit by Tony Jolly, the officer and manager in charge of its non-profit business, which averred:

> We are engaged in the business of providing jobs for the mentally and physically handicapped persons of Wilkes and adjoining counties. It is my responsibility to provide these jobs for these mentally and physically handicapped persons and by doing so I contact various persons and businesses to get contract work for these persons to engage in. I contacted John Hill, who advised me that he had a business known as United Sleep Products, Inc. and that he needed work to be done for his business. Mr. Hill and I entered into an oral contract under the terms of which [plaintiff] was to manufacture box springs frames for Mr. Hill and also to do so on the order from Mr. Hill. Mr. Hill gave us orders at the Workshop and we filled those orders and billed him accordingly. The amount of the indebtedness of Mr. John Hill at this time is $9,096.25[1] together with interest thereon at the rate of 8% per annum from September 13, 1985, the last day any payment was made.
>
> [Plaintiff], through the undersigned, did all of its business with John Hill and we look to him to pay for the services rendered to him.

The trial court concluded from the pleadings and affidavits that there was no genuine issue as to any material fact with regard to plaintiff's claim against the corporate defendant. Accordingly, it entered summary judgment against the corporate defendant for the amount claimed. The corporate defendant did not appeal.

The trial court also concluded that there was no genuine issue as to any material fact with regard to plaintiff's claim

---

1. The discrepancy between the sum sought in the complaint and the sum stated in this affidavit is not material to the resolution of this appeal.

against the individual defendant and that summary judgment should be awarded in favor of the individual defendant. Accordingly, it entered summary judgment that plaintiff "have and recover nothing" of the individual defendant, and it dismissed the complaint as to him.

The Court of Appeals, with one judge dissenting, affirmed the summary judgment in favor of the individual defendant. Plaintiff appeals as a matter of right. N.C.G.S. § 7A-30(2) (1986).

"In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact." *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E. 2d 666, 668 (1980), *citing Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). "[S]ummary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether the moving party is entitled to judgment . . . ." *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E. 2d 479, 481 (1987). "When ruling on a motion for summary judgment, 'the court must look at the record in the light most favorable to the party opposing the motion.'" *W. S. Clark & Sons, Inc. v. Union National Bank*, 84 N.C. App. 686, 688, 353 S.E. 2d 439, 440, *disc. rev. denied*, 320 N.C. 177, 358 S.E. 2d 70 (1987) (quoting *Peterson v. Winn-Dixie*, 14 N.C. App. 29, 31, 187 S.E. 2d 487, 488 (1972) ).

Applying these well-established principles to the evidence forecast here, we conclude that the factfinder could find that plaintiff has a claim against the individual defendant for the sum alleged. The affidavit by plaintiff's officer and manager contains iterative references which permit a finding that plaintiff contracted with the individual defendant and fulfilled its portion of the bargain. The affidavit states:

> I contacted John Hill who advised me that *he* had a business known as United Sleep Products, Inc. and that *he* needed work to be done for *his* business. *Mr. Hill* and I entered into an oral contract under the terms of which [plaintiff] was to manufacture box springs frames *for Mr. Hill* and also to do so on the order *from Mr. Hill. Mr. Hill gave us orders* . . . and we filled those orders and billed *him* accordingly. The amount of *the indebtedness of Mr. John Hill* . . . is . . . $9,096.25 . . . .

   [Plaintiff] . . . did all of its business *with John Hill* and
we look *to him* to pay for the services rendered *to him.*

(Emphasis supplied.) On this evidence we are unable to say as a
matter of law that plaintiff contracted solely with the corporate
defendant. There is, instead, a genuine issue of material fact as to
whether plaintiff manufactured and delivered its product pur-
suant to a contractual arrangement with the individual defendant.
Summary judgment in favor of the individual defendant thus was
improper. N.C.G.S. § 1A-1, Rule 56 (1983); *Housing, Inc. v.
Weaver,* 37 N.C. App. 284, 246 S.E. 2d 219 (1978), *aff'd per curiam,*
296 N.C. 581, 251 S.E. 2d 457 (1979).

   Accordingly, the decision of the Court of Appeals is reversed.
The case is remanded to that court with instructions to remand to
the trial court for further proceedings on plaintiff's claim against
the individual defendant.

   Reversed and remanded.