Brandt v. Brandt

———————————

ALICE BONITA BRANDT v. ROBERT O. BRANDT

No. 8810DC173

(Filed 30 December 1988)

1. **Divorce and Alimony § 21.3— alimony set out in separation agreement—no reduction provided upon change of child custody—plaintiff entitled to arrearages**

    The trial court properly entered summary judgment for plaintiff on her claim for alimony arrearages where the parties executed a separation agreement free from duress or other illegalities; defendant agreed to pay plaintiff support and specifically listed the different events which would cause those payments to be reduced or terminated; and there was no proviso relating to a reduction in payments if defendant was to be awarded legal custody of the parties' minor child.

2. **Divorce and Alimony § 21.3— alimony arrearages—defendant's deliberate depression of income—sufficiency of evidence**

    There was sufficient evidence to establish that defendant was capable of complying with the support provisions of a separation agreement where the evidence supported findings by the court that a company owned by defendant's present wife is actually a joint venture for defendant and his wife; defendant has assets titled in the names of his wife and her company in order to avoid attachment by defendant's creditors; defendant is not receiving a salary from the joint venture because he is deliberately trying to depress his income; the annual gross income for defendant and his wife is $60,000; and defendant has the potential to earn an additional $14,000 per year as his share of the profits from the joint venture.

Brandt v. Brandt

**3. Divorce and Alimony § 24.6— plaintiff's poor health—inability to contribute to child's support—sufficiency of evidence**

Evidence was sufficient to support the trial court's finding that plaintiff, due to her poor health, was unable to work in order to help support the parties' minor child, even though there was evidence to the contrary.

**4. Divorce and Alimony § 24.6— change of child custody to defendant—defendant not entitled to any child support from plaintiff—sufficiency of evidence**

The trial court did not err in concluding that some of defendant's living expenses, including private school tuition for the parties' daughter, were not reasonable and necessary; furthermore, because the court determined that certain expenditures for which defendant was seeking reimbursement were improperly allocated to the child or were not necessary and reasonable and that plaintiff's health prevented her from earning an income, there was no error when the court concluded that defendant was not entitled to any retroactive or prospective child support.

Judge GREENE concurring in part and dissenting in part.

APPEAL by defendant from *Morelock, Judge.* Order entered 11 September 1987 in Civil District Court, WAKE County. Heard in the Court of Appeals 7 September 1988.

Summary judgment was granted for plaintiff; defendant was ordered to specifically perform under a separation agreement. Defendant appeals this judgment.

*Womble, Carlyle, Sandridge & Rice, by Carole Gailor, attorney for plaintiff-appellee.*

*Nicholas J. Dombalis, II, attorney for defendant-appellant.*

ORR, Judge.

Plaintiff-wife and defendant-husband were married on 3 February 1968. They separated on 25 February 1979. In September of 1979, they entered into a separation agreement, the relevant terms of which will be set forth in the text of this opinion. Thereafter, on 26 March 1980, the parties were granted an absolute divorce.

One child, Kimberly Denise Brandt, was born to the couple on 6 June 1977. Custody of the minor daughter was awarded to plaintiff with reasonable visitation privileges being granted to defendant in accordance with paragraph four of the separation agreement.

Despite the initial custody agreement between the Brandts, Kimberly now lives with defendant, and has lived with him since 1981. Kimberly is enrolled in a private school near her father's home, but she travels to Louisiana to spend her Christmas and summer vacations with her mother each year.

Plaintiff's action, which was instituted on 31 August 1984, claimed that her needs and her daughter's needs had become much greater and that she was in need of support because defendant had discontinued his payments without her consent. Additionally, plaintiff requested arrearages and sought to enforce defendant's compliance with the terms of the separation agreement.

Defendant's answer counterclaimed for legal custody of Kimberly, and it contained a motion to strike all support provisions under the agreement. Defendant further asked the court for reimbursement of all child support payments made to plaintiff by which she was unjustly enriched.

Judge Cashwell heard each party's summary judgment motion in February of 1986. At that time, he concluded that "there [was] no dispute of material fact with regard to the Defendant's liability to the Plaintiff for the payment of alimony . . . under the Agreement. . . ." Plaintiff's motion was granted; the court indicated that the actual amount of arrearages would be determined at a later hearing.

Defendant filed several motions seeking relief from judgment and amendments to the trial court's finding of facts. After these motions were denied, they were again reviewed by Judge Morelock. Ultimately, all of defendant's motions were denied. However, the court agreed to determine whether defendant was entitled to any retroactive or future support from plaintiff, if and when the court awarded defendant legal custody of Kimberly. The court thereafter granted plaintiff's two motions *in limine* precluding defendant from introducing certain evidence at the later hearing on custody and arrearages.

The hearing resulted in judgment being entered in favor of plaintiff. Defendant was ordered to pay $57,625.00 in alimony arrearages. The court further ordered joint custody of Kimberly, with defendant having primary and physical custody and plaintiff

having secondary custody. Defendant's requests for retroactive and future child support from plaintiff were denied.

I.

[1] The first issue is whether the lower court erred in granting plaintiff's summary judgment motion.

Summary judgment is appropriate only when all of the materials filed in connection with the action make clear that there are no factual questions to be resolved by the fact finder, and the movant is entitled to a favorable judgment as a matter of law. G.S. 1A-1, Rule 56 (1988).

A paragraph in the Brandts' separation agreement, subheaded as "Alimony," states:

5.   ALIMONY: for the support of the Wife and child, Husband agrees to pay Wife TWO THOUSAND ONE HUNDRED FIFTY AND NO/100 ($2,150.00) DOLLARS per month for the period of October, 1979, through September, 1984; and ONE THOUSAND FIFTY AND NO/100 ($1,050.00) DOLLARS per month for the period of October, 1984, through September 1999. In the event of the death of the Wife, the above payments will stop. In the event of the remarriage of the Wife, the above monthly payments will be reduced to THREE HUNDRED SEVENTY-FIVE AND NO/100 ($375.00) DOLLARS per month but only after September, 1984. . . .

Defendant has cited two cases which support the proposition that the literal wording of separation agreements does not control the interpretation of the contract. *Rustad v. Rustad*, 68 N.C. App. 58, 314 S.E. 2d 275, *disc. rev. denied*, 311 N.C. 763, 321 S.E. 2d 145 (1984). Defendant also cited *Pruneau v. Sanders*, 25 N.C. App. 510, 214 S.E. 2d 288, *cert. denied*, 287 N.C. 664, 216 S.E. 2d 911 (1975), to support the proposition that when interpreting separation agreements, courts must ascertain the intent of the parties.

While the defendant has accurately stated these rules, we find that they have no application in the dispute before us. The facts of this case do not require us to determine what the parties' intentions were in order to evaluate the appropriateness of the court's granting plaintiff's summary judgment motion. The facts indicate that the parties executed this agreement free from any

duress or other illegalities which would invalidate their contract. Defendant agreed to pay plaintiff support and he specifically listed the different events which would cause those payments to be reduced or terminated. There was no proviso relating to a reduction in payments if defendant was to be awarded legal custody of Kimberly. The parties negotiated the terms of their agreement at arm's length. We see nothing which would have kept defendant from bargaining for the terms which he desired. We will not rewrite this agreement to allow defendant to add a new condition under which support payments will be reduced. Therefore, we find that there was no genuine issue of material fact to be decided; defendant's obligation to pay support to plaintiff was clear. We overrule this assignment of error.

## II.

[2]  The next issue before us is whether the court erred in ordering defendant to specifically perform the spousal support agreement.

Defendant contends that there was not enough credible evidence presented to establish that he was capable of complying with the support provisions of the agreement. He claims that currently his only income is derived from his position as a technical consultant. He admits to doing consulting work for a company owned by his new wife, but he denies receiving any compensation for his services. Defendant claims that since his annual income is only $30,000.00 he cannot make the required payments.

The evidence at trial showed that defendant donates at least 15% of his time to his wife's instrument services company, Eastern Instruments, and he's given office space and other benefits instead of monetary remuneration. Defendant's wife owns 100% of Eastern Instruments' stock; she earns an annual salary of $30,000.00. In addition, defendant owns at least two vehicles, and he receives health insurance and benefits from Eastern Instruments.

The court concluded, based upon this evidence, that defendant has assets which are titled in the names of Eastern Instruments and his wife's name in order to avoid attachment by defendant's creditors. Additionally, the court found that defendant was not receiving a salary from Eastern Instruments because

he was deliberately trying to depress his income. The testimony which supports the court's decision shows that defendant's wife has very little technical knowledge about instrument services. Rather, her background is in the administrative sphere of her company. The consulting work performed by defendant is indispensable to the company. Therefore, the court was correct in concluding that Eastern Instruments is a joint venture for defendant and his wife and that defendant chose not to receive a salary in order to depress his income.

The collective annual gross income for defendant and his wife is approximately $60,000.00. Defendant has the potential to earn up to an additional $14,000.00 per year as his share of the profit from Eastern Instruments. Therefore, the evidence in the record does support the conclusion that defendant is financially able to specifically perform the separation agreement. This assignment of error is overruled.

## III.

[3] We turn next to the issue of whether there is sufficient evidence in the record to support a finding that plaintiff, due to her poor health, is unable to work in order to help support the minor child.

Generally, the court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed even though there is contrary evidence. *See Wachovia Bank v. Bounous*, 53 N.C. App. 700, 281 S.E. 2d 712 (1981).

At trial, plaintiff testified that her heart illness was very prohibiting because she experiences a great deal of pain and physical discomfort when she engages in any activity for extended periods of time. In addition, plaintiff testified that she has suffered two strokes, that she takes medication daily, and that her prognosis shows no signs for improvement.

Defendant's cross-examination of plaintiff elicited some testimony which tended to contradict plaintiff's assertion that her illness is incapacitating. Plaintiff testified that her illness prevents her from taking extensive trips, yet she admitted to having taken lengthy trips during periods in which she described her health as poor.

The trial court considered this evidence and concluded that the plaintiff's medical condition prevented her from undertaking any meaningful employment and that she is unable to work and earn income to defray her own expenses. This conclusion is supported by the testimony of the plaintiff. Despite the contradictions, we will not disturb the trial court's conclusion.

## IV.

[4] The next issue is whether the court erred in concluding that some of defendant's living expenses were not reasonable and necessary.

Defendant argues that Kimberly needs stability in her life and that the private school which she attends provides that stability. Therefore, he claims, tuition expenditures are necessary and proper. Plaintiff's evidence indicated that she was not consulted prior to Kimberly's enrollment in private school by defendant and that she cannot afford to contribute to the tuition payments.

After considering the evidence, the court noted that it was commendable for defendant to have placed the child in private school. However, it was likewise noted that defendant simply did not demonstrate that private school is a necessary or reasonable expense. Our examination of the record reveals no evidence as to why Kimberly could not excel in public school. Therefore, the lower court's conclusion was proper.

Furthermore, because the court determined that certain expenditures for which the defendant was seeking reimbursement were improperly allocated to Kimberly, or were not necessary and reasonable, and that plaintiff's health prevented her from earning an income, there was no error when the court concluded that defendant was not entitled to any retroactive or prospective child support.

Plaintiff contributed as much as she was able to based upon her income. She no longer contributes anything because defendant has stopped making payments; therefore, plaintiff has no income. She has done all that is required of her and defendant is not entitled to any reimbursement or future support payments from plaintiff. "When a trial court is faced with calculating a retroactive child support award, it must consider, among other

things whether what was actually expended was 'reasonably necessary' for the child's upport, . . . and the defendant's ability to pay during the time for which reimbursement is sought. . . ." *Buff v. Carter*, 76 N.C. App. 145, 146, 331 S.E. 2d 705, 706 (1985) (citations omitted). *See also Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976).

## V.

Finally, defendant raised two other assignments of error; one involved the grant of plaintiff's motion *in limine*, the other related to the court's findings of fact regarding the expenses of the parties and their minor daughter.

In his brief, defendant cited no case law or other authority to support his arguments. Therefore, defendant has abandoned these two assignments, and we shall not consider them. App. R. 28(b)(5).

The judgment entered below is

Affirmed.

Judge SMITH concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

While I agree with the rest of the majority's decision, I dissent from its holding the trial court did not err in granting plaintiff's motion for summary judgment. I would vacate the entry of summary judgment and remand for trial on the issue raised in the complaint.

The court's summary judgment order characterizes the payments due under the Agreement as "alimony." Alimony is defined in Section 50-16.1(1) as "payment for the support and maintenance of a *spouse*." N.C.G.S. Sec. 50-16.1(1) (1987) (emphasis added). However, while the relevant provision of the Agreement is titled "Alimony," the provision specifically provides that the payments are "for the support of the wife *and* child" (emphasis added). This ambiguous admixture of alimony and child support requires the parties' intention be further ascertained in order to require specific performance of defendant's support obligations under the Agreement. This presents a question for the jury and parol evi-

dence is admissible. *Hartman v. Hartman*, 80 N.C. App. 452, 455, 343 S.E. 2d 11, 13 (1986).

Consequently, summary judgment was inappropriate since a genuine issue of material fact exists. I therefore respectfully dissent from the majority's disposition of that issue.