DEBORAH HAMPTON BIRD, Plaintiff v. JAMES CALVIN BIRD, II, Defendant

No. COA08-192

(Filed 7 October 2008)

## 1. Divorce— termination of alimony—cohabitation—summary judgment improper

The trial court erred by granting summary judgment for plaintiff wife on defendant husband's motion to terminate alimony on the basis of cohabitation because a genuine issue of material fact was presented as to whether plaintiff and her boyfriend cohabited where (1) a private investigator's affidavit stated that during her investigation, the boyfriend had been observed at plaintiff's house for a minimum of eleven consecutive nights; plaintiff and her boyfriend were observed driving each other's vehicles; the boyfriend was observed moving furniture into plaintiff's house, walking plaintiff's dog, parking in plaintiff's garage, and carrying groceries into plaintiff's house; the boyfriend had been observed letting workmen into and out of plaintiff's house; and the boyfriend's house appeared neglected as though no one lived in the house; (2) the boyfriend's own affidavit established that he had been romantically involved with plaintiff; he had spent the night at her house on several occasions; he and plaintiff had driven each other's vehicles; they had traveled together and dined out with their children; and he had given items of furniture to plaintiff; and (3) assuming arguendo that the boyfriend's affidavit did not create a genuine issue of material fact on its own, when considered in conjunction with the investigator's affidavit, an issue of fact was raised.

## 2. Rules of Civil Procedure— private investigator's affidavit— personal knowledge—use of passive tense in averments

The trial court did not err in an alimony termination case by considering a private investigator's affidavit even though plaintiff contends it was largely inadmissible based on its failure to comply with N.C.G.S. § 1A-1, Rule 56(e)'s requirement that affidavits shall be made on personal knowledge when the investigator used the passive tense in her averments because: (1) the averments that she was a private investigator who was hired to investigate plaintiff and her boyfriend made it reasonable to assume that the investigator was the observer referenced in her averments; and

(2) the investigator's affidavit can be interpreted so as to comply with Rule 56(e).

**3. Evidence— hearsay—what plaintiff's neighbor told investigator**

Although plaintiff properly asserted that a private investigator's averment in an alimony case as to what she was told by plaintiff's neighbor was inadmissible hearsay, this averment was not considered in the Court of Appeals' analysis.

Judge JACKSON dissenting.

Appeal by Defendant from judgment entered 29 October 2007 by Judge Joseph E. Turner in Guilford County District Court. Heard in the Court of Appeals 27 August 2008.

*Nix & Cecil, by Lee M. Cecil, for Plaintiff-Appellee.*

*Wyatt Early Harris Wheeler, LLP, by Arlene M. Reardon, for Defendant-Appellant.*

ARROWOOD, Judge.

Defendant (James Bird, II), appeals from summary judgment entered in favor of Plaintiff (Deborah Bird). We reverse.

The parties met in 1978, when they were in high school. They married in 1985 and had two children, boys born in 1994 and 1997. They separated in January 2004, and in June 2004 Plaintiff filed an action seeking child custody and support, alimony and post-separation support, and equitable distribution. In February 2006 the court entered an order awarding Plaintiff alimony for fifteen years. The judgment provided that Plaintiff's right to alimony would be terminated by, *inter alia*, Plaintiff's cohabitation.

On 30 May 2007 Defendant filed a motion to terminate alimony, on the grounds that Plaintiff had engaged in cohabitation with Michael Scott Cooper (Cooper). In discovery, Defendant alleged that Plaintiff and Cooper had an intimate, monogamous relationship; that Cooper had moved furniture into Plaintiff's house and had spent many nights there; that they shared the use of their vehicles; and that they dined out and traveled together with Cooper's and Plaintiff's minor children.

Plaintiff filed a motion for summary judgment on 6 September 2007, submitting Cooper's affidavit in support of her motion. In his

affidavit, Cooper denied cohabiting with Plaintiff and averred that they had never held each other out to be husband and wife, joined their finances, or contemplated moving in together. Defendant submitted the affidavit of Ann Cunningham in opposition to Plaintiff's summary judgment motion. Cunningham averred that she was a private investigator hired to investigate Cooper and Plaintiff "to determine whether they cohabited." Her affidavit stated further that Cooper had been observed in various activities and situations with Plaintiff. On 29 October 2007 the trial court entered an order granting Plaintiff's summary judgment motion. From this order Defendant has timely appealed.

### Standard of Review

"At the outset, we note that the standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. The court should grant summary judgment when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' N.C. Gen. Stat. § 1A-1, Rule 56(c)[(2007)].'" *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citing *Wilmington Star News v. New Hanover Regional Medical Center*, 125 N.C. App. 174, 178, 480 S.E.2d 53, 55 (1997)).

"It should be emphasized that in ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any issue of genuine material fact." *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972). "A genuine issue of material fact has been defined as one in which 'the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. . . . [A] genuine issue is one which can be maintained by substantial evidence.'" *Smith v. Smith*, 65 N.C. App. 139, 142, 308 S.E.2d 504, 506 (1983) (quoting *Zimmerman v. Hogg & Allen, P.A.*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974)).

However, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest

upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2007).

[1] Defendant argues that the trial court erred by entering summary judgment for Plaintiff, on the grounds that there are genuine issues of material fact regarding whether Plaintiff and Cooper cohabited. We agree.

Under N.C. Gen. Stat. § 50-16.9(b) (2007), cohabitation is defined in pertinent part as follows:

As used in this subsection, cohabitation means the act of two adults dwelling together continuously and habitually in a private heterosexual relationship, even if this relationship is not solemnized by marriage[.] . . . Cohabitation is evidenced by the voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, and which include, but are not necessarily dependent on, sexual relations. . . .

The issue on appeal is whether the record evidence shows a genuine issue of material fact regarding the "voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, and which include, but are not necessarily dependent on, sexual relations" by Cooper and Plaintiff.

As discussed above, Plaintiff submitted Cooper's affidavit in support of her summary judgment motion. In his affidavit, Cooper admitted that he and Plaintiff had been romantically involved, at times dating each other exclusively; that he "occasionally" spent the night at Plaintiff's house and "rarely" stayed more than one or two consecutive nights; that Plaintiff and Cooper had traded vehicles on occasion; that they had traveled together and dined out with their children; and that he had moved items of furniture into Plaintiff's house. Cooper also stated that some of his activities with Plaintiff were part of his move from one house to another.

Defendant submitted the affidavit of investigator Ann Cunningham, stating that, during her investigation, Cooper had been observed at Plaintiff's house "for a minimum of eleven (11) consecutive nights"; that Plaintiff and Cooper were observed driving each

other's vehicles; that Cooper was observed moving furniture into Plaintiff's house, walking Plaintiff's dog, parking in Plaintiff's garage, and carrying groceries into Plaintiff's house; that Cooper had been observed letting workmen into and out of Plaintiff's house; and that Cooper's house in Hillsborough appeared neglected "as though no one lived in the house."

We conclude that the record evidence presents a genuine issue of material fact regarding cohabitation by Plaintiff and Cooper. We have considered the cases cited by both parties, particularly *Craddock v. Craddock*, 188 N.C. App. 806, 656 S.E.2d 716 (2008); *Oakley v. Oakley*, 165 N.C. App. 859, 599 S.E.2d 925 (2004); and *Rehm v. Rehm*, 104 N.C. App. 490, 409 S.E.2d 723 (1991). In these cases, this Court analyzed the evidence of cohabitation in the context of a motion to terminate spousal support based on the dependant spouse's cohabitation. *Long v. Long*, 160 N.C. App. 664, 588 S.E.2d 1 (2003), cited by the parties, discusses the same issue. However, in *Long* this Court held that the trial court's findings of fact were insufficient. Accordingly, the Court reversed and remanded for entry of adequate findings, rather than assessing the existing findings of fact.

We have also considered cases, including *In re Estate of Adamee*, 291 N.C. 386, 230 S.E.2d 541 (1976); and *Hand v. Hand*, 46 N.C. App. 82, 264 S.E.2d 597 (1980), in which our appellate courts addressed the type of evidence required to support a finding that a married couple has reconciled after separating. Although these opinions include discussion of cohabitation, it is in a different factual context.

Our analysis of cases such as *Craddock*, *Oakley*, and *Rehm* reveals that this Court has generally found certain evidence to be significant. In all three cases there was evidence that the couple had a romantic or sexual relationship that included at least one instance of their spending the night together. However, in none of our appellate cases has the Court held that the existence of a sexual relationship, without more, was sufficient to show cohabitation. Rather, the Court has looked for additional indicia of the "voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people." These have included evidence that the couple shared in day-to-day activities and responsibilities. For example, in *Rehm*, there was evidence that the couple spent up to five nights a week together, and that at least twice they were seen kissing goodbye in the morning, wearing different clothes from the night before. On such evidence, this Court upheld the trial court's finding of cohabitation. On the other hand, in *Oakley*, there was evidence of

a sexual dating relationship, but no evidence that the couple had assumed responsibilities or habits typical of married people. In that case, this Court upheld the trial court's conclusion that the plaintiff had not engaged in cohabitation.

We note that *Long, Rehm,* and *Oakley* were appeals from a trial court's ruling on the issue of cohabitation. " '[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *Oakley,* 165 N.C. App. at 861, 599 S.E.2d at 927 (quoting *Shear v. Stevens Building Co.,* 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)).

Because the instant case is an appeal from entry of summary judgment, the standard of review is significantly different. As discussed above, summary judgment is proper "only when all of the materials filed in connection with the action make clear that there are no factual questions to be resolved by the fact finder, and the movant is entitled to a favorable judgment as a matter of law." *Brandt v. Brandt,* 92 N.C. App. 438, 441, 374 S.E.2d 663, 665 (1988) (citation omitted). "In addition, because summary judgment is 'a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue.' " *DeWitt v. Eveready Battery Co.,* 355 N.C. 672, 682, 565 S.E.2d 140, 142 (2002) (quoting *Marcus Bros. Textiles v. Price Waterhouse, LLP,* 350 N.C. 214, 220, 513 S.E.2d 320, 325 (1999) (internal quotations)).

*Craddock,* 188 N.C. App. 806, 656 S.E.2d 716, like the instant case, was an appeal from entry of summary judgment on the issue of cohabitation. In *Craddock,* defendant-husband sought termination of his support obligation to plaintiff-wife, asserting that the plaintiff had cohabited with her boyfriend. The trial court granted summary judgment for plaintiff. Defendant appealed to this Court, which reversed, holding that the evidence raised a genuine issue of material fact on the issue of cohabitation.

The evidence in *Craddock* showed that the plaintiff and her boyfriend had an exclusive relationship for almost five years; that they ate together on the weekends, went to movies, traveled together on overnight vacations, spent holidays together, and engaged in monogamous sexual activity. In addition, plaintiff's boyfriend worked at plaintiff's house and used her address on his website. There was

**BIRD v. BIRD**

[193 N.C. App. 123 (2008)]

other evidence that the two maintained separate residences, and had not mingled their finances. This Court held that the evidence presented a genuine issue of material fact on the issue of cohabitation. We reach the same conclusion in the instant case.

Cooper's own affidavit establishes that he and Plaintiff had been romantically involved; that he had spent the night at her house on several occasions; that he and Plaintiff had driven each other's vehicles; that they had traveled together and dined out with their children; and that he had given items of furniture to Plaintiff. It is arguable that this evidence, standing alone, might give rise to an issue of fact on cohabitation. However, assuming, *arguendo*, that Cooper's affidavit did not create a genuine issue of material fact on its own, when considered in conjunction with Cunningham's affidavit, an issue of fact is clearly raised.

[2] Preliminarily, we address Plaintiff's argument that Cunningham's affidavit was largely inadmissible. Plaintiff asserts that the affidavit fails to comply with Rule 56(e), which provides in relevant part that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Plaintiff's argument, that Cunningham's affidavit fails to show that its contents are based on personal knowledge, is supported solely by Cunningham's use of the passive tense in her averments. For example, Cunningham's affidavit states that "[d]uring the investigation, Michael Scott Cooper was observed moving furniture" rather than "I observed Michael Scott Cooper moving furniture." On the basis of this grammatical usage, Plaintiff asserts that, as a matter of law, the affidavit fails to demonstrate the affiant's personal knowledge. We disagree.

This Court has held that "[a]lthough G.S. 1A-1, Rule 56(e) states that affidavits in support of a motion for summary judgment must have these elements, we do not interpret the rule to require that such affidavits specifically state the elements as defendant suggests; it is sufficient that the affidavits can be interpreted so as to comply upon their faces." *Fuller v. Southland Corp.*, 57 N.C. App. 1, 5, 290 S.E.2d 754, 757 (1982) (citing *Middleton v. Myers*, 41 N.C. App. 543, 546, 255 S.E.2d 255, 256 (1979)). In the instant case, the introductory averments of Cunningham's affidavit state that:

1. I am Ann W. Cunningham with Cunningham & Associates, a private investigation firm.

2. I am a member of the National Association of Investigative Services.

3. I was retained to investigate Michael Scott Cooper and Deborah Hampton Bird to determine whether they cohabited.

4. Michael Scott Cooper was observed during the months of February and March 2007.

Following these averments are a series of statements about Cooper and Plaintiff, all employing the passive tense to state that Cooper "was observed" in various activities and situations. Based on Cunningham's averments that she is a private investigator who was hired to investigate Cooper and Plaintiff, it is reasonable to assume that Cunningham was the observer referenced in her averments. We conclude that her affidavit "can be interpreted so as to comply" with Rule 56(e). Accordingly, the trial court did not err by considering Cunningham's affidavit.

**[3]** Plaintiff also argues that Cunningham's averment as to what she was told by Plaintiff's neighbor was inadmissible hearsay. We agree, and have not considered this averment in our analysis.

In her affidavit, Cunningham stated that during her investigation Cooper had been observed at Plaintiff's house "for a minimum of eleven (11) consecutive nights." A factfinder might reasonably interpret this to mean that Cooper stayed overnight with Plaintiff for at least eleven consecutive nights. Cunningham states further that Plaintiff and Cooper drove each other's vehicles and that Cooper moved furniture into Plaintiff's house, both of which Cooper admits. She avers that Cooper was observed walking Plaintiff's dog, parking in Plaintiff's garage, carrying groceries into Plaintiff's house, and letting workmen into and out of Plaintiff's house. A factfinder might reasonably find these to be among the "marital rights, duties, and obligations which are usually manifested by married people[.]" In addition, Cunningham reported that Cooper's house in Hillsborough appeared uninhabited.

"We emphasize that in a summary judgment proceeding, the forecast of evidence and all reasonable inferences must be taken in the light most favorable to the non-moving party." *Woodson v. Rowland*, 329 N.C. 330, 344, 407 S.E.2d 222, 231 (1991) (citing *Wilkes County Vocational Workshop v. United Sleep*, 321 N.C. 735, 365 S.E.2d 292 (1988)). "While we express no opinion as to whether this evidence, by itself, would be sufficient to require an ultimate finding in [Defend-

**BIRD v. BIRD**

[193 N.C. App. 123 (2008)]

ant's] favor, we do consider it sufficient to create an issue of fact for the jury and to overcome a motion for [summary judgment]." *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 305, 271 S.E.2d 385, 392 (1980). "[I]t is not the function of this Court, or the trial court for that matter, to weigh conflicting evidence of record. Rather, in cases such as this, when there are genuine issues of material fact that are legitimately called into question, summary judgment should be denied and the issue preserved for the [fact finder]." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004).

For the reasons discussed above, we conclude that the trial court erred and that its order for summary judgment must be

Reversed.

Judge BRYANT concurs.

Judge JACKSON dissents in a separate opinion.

JACKSON, Judge dissenting.

Because defendant's affidavit is insufficient under North Carolina General Statutes, section 1A-1, Rule 56(e), I respectfully dissent. I would affirm the trial court's entry of summary judgment in favor of plaintiff.

In pertinent part, North Carolina General Statutes, section 1A-1, Rule 56(e) requires that "[s]upporting and opposing affidavits *shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.*" N.C. Gen. Stat. § 56(e) (2007) (emphasis added).

It long has been the rule that inadmissible material set forth in affidavits should not be considered by the trial court when ruling on a motion for summary judgment. *See Borden, Inc. v. Brower*, 17 N.C. App. 249, 253, 193 S.E.2d 751, 753, *rev'd on other grounds*, 284 N.C. 54, 199 S.E.2d 414 (1973).

Ann Cunningham's ("Cunningham") affidavit states:

1. I am Ann W. Cunningham with Cunningham & Associates, a private investigation firm.

2. I am a member of the National Association of Investigative Services.

3. I was retained to investigate Michael Scott Cooper and Deborah Hampton Bird to determine whether they cohabited.

4. Michael Scott Cooper was observed during the months of February and March, 2007.

5. During the investigation, Michael Scott Cooper was observed at Deborah Hampton Bird's residence for a minimum of eleven (11) consecutive nights.

6. During the investigation, Michael Scott Cooper was observed on numerous occasions driving the vehicle of Ms. Hampton Bird, and she was observed driving his vehicle on numerous occasions. He drove her vehicle to various places, including to his work. He kept the vehicle away from her home for hours, and returned to her home in business attire. She would transport her minor children in his vehicle, use it to go to the grocery store and generally use it as if it were her own.

7. During the investigation, Michael Scott Cooper was observed moving furniture and boxes into the residence of Ms. Hampton Bird.

8. During the investigation, Michael Scott Cooper's residence in Hillsborough, NC appeared as though no one lived in the house. A rug had been rolled up in the middle of the living room floor, and furniture seemed to be absent from the house. There were two ceiling fans in boxes on the floor. A fine layer of dust could be seen on the furniture and floor. The office in the house was observed to be dusty. Plants in said residence appeared to be in need of water.

9. At his residence in Hillsborough, the mail was piled up, one stack behind another in his mailbox as if no one was regularly checking the same.

10. At Michael Scott Cooper's residence in Hillsborough, the garbage had not been picked up. Additionally, there was no day-to-day garbage present, which would include old food, used toiletries, old mail, etc. An old pot from a plant had been discarded, but there was no day-to-day garbage in said cans.

11. I interviewed William Kennedy, Jr., living at 6400 Spyglass Road, Greensboro, NC 27410, a neighbor of Ms. Hampton Bird, and he indicated that he believed that Mr. Cooper and Ms. Bird were husband and wife, that the children present in the home

were the children of Mr. Cooper and Ms. Bird and that they had been in the house for months. Mr. Kennedy also indicated that Mr. Cooper's car is frequently in the garage and that he has seen the four members of the family in and out of the house, yard and driveway.

12. During the investigation, Michael Scott Cooper was observed taking Deborah Hampton Bird to dinner. They were also observed going to restaurants on numerous occasions as a family unit.

13. Michael Scott Cooper was observed to park, regularly, in Deborah Hampton Bird's garage.

14. Michael Scott Cooper was regularly observed assisting Ms. Bird with chores such as walking the dog, taking care of the dog, unloading the vehicle when she returned from trips, and assisting her when she returned from the grocery store.

15. On at least one occasion, Michael Scott Cooper was observed allowing workmen into the home of Ms. Bird when she was not present. He remained in the home during the entire time the workmen serviced the home and then he showed them out of the house.

In averments numbered 1, 2, 3, and 11, Cunningham clearly demonstrates her ability to establish facts and events of which she has personal knowledge within the meaning of Rule 56(e). Averments numbered 4 through 10 and 12 through 15, however, are conspicuously passive and devoid of language demonstrating Cunningham's personal knowledge of relevant facts or events. Accordingly, and especially in view of Cunningham's ability to attest properly to facts within her personal knowledge, I cannot join the majority's view that it is reasonable to assume that Cunningham was the observer passively referenced in her averments.

The issue becomes whether the properly stated averments are sufficient to show a genuine issue of material fact. I would hold that they are not. Averments numbered 1 through 3 attest to Cunningham's personal knowledge of (1) her name; (2) her place of employment; (3) her professional association; and (4) the purpose of her employment in the case *sub judice*, but they are wholly insufficient to establish any genuine issue of material fact. The only portion of averment number 11 that is properly admissible is that Cunningham "interviewed William Kennedy, Jr., living at 6400 Spyglass Road, Greensboro, NC 27410, a neighbor of Ms. Hampton Bird . . . ." As with averments num-

bered 1 through 3, this admissible portion of averment number 11 is insufficient to establish a genuine issue of material fact.

Without admissible evidence set forth in defendant's supporting affidavit demonstrating a genuine issue of material fact, plaintiff's evidence essentially remained uncontested. North Carolina General Statutes, section 1A-1, Rule 56(e) provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response; by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (2007). Accordingly, I would affirm the trial court's entry of summary judgment in plaintiff's favor because defendant failed to demonstrate that a genuine issue of material fact exists.