■ JAMES D. RUSSELL, Respondent, v MARY A. RUSSELL, Appellant. — Appeal from an order of the Family Court of Ulster County, entered April 25, 1980, which, inter alia, denied defendant's motions for arrearages in ali-

mony payments and counsel fees. Subdivision (c) of the fifth paragraph of the parties' separation agreement, which was incorporated into but not merged with their divorce decree, provides: "The Husband agrees to pay and the Wife agrees to accept the sum of ONE HUNDRED and 00/100 ($100.00) dollars per week in alimony payments, which said payments shall continue until such time as the Wife may remarry *or enter into a permanent marriage-like relationship in permanent residence with another man.*" (Emphasis added.) Defendant moved to recover unpaid alimony allegedly owing to her from May 14, 1979 to July 30, 1979. Plaintiff countered that his obligation to pay alimony ceased under the above-quoted paragraph of their separation agreement because defendant had entered into "a permanent marriage-like relationship in permanent residence with another man". Family Court agreed with plaintiff. On this appeal, defendant argues that Family Court erred in its ruling because (1) there was insufficient proof that she had entered into such a relationship, (2) the decision was against the weight of the evidence, and (3) the parties did not intend the clause in question to operate according to its literal meaning. We find no error in the Family Court's decision since the record as a whole contains ample evidence to support its determination. There was testimony that defendant and another man lived together continuously for five months in the same house in a marriage-like relationship. Family Court could properly find on the proof before it that the residence as well as the marriage-like relationship was permanent. Family Court also correctly found that there was no ambiguity in the language employed in the disputed paragraph which required parol evidence to explain its meaning. The order should be affirmed. Order affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.