**Beverly J. WACKER, Plaintiff and Respondent,**

v.

**Samuel Louis WACKER, Defendant and Appellant.**

**No. 19008.**

Supreme Court of Utah.

July 6, 1983.

Robert M. McRae, Vernal, for defendant and appellant.

John C. Beaslin, Vernal, for plaintiff and respondent.

PER CURIAM:

This is an appeal from the denial of defendant's motion to terminate alimony awarded in a divorce decree.

In October, 1978, the divorce decree was entered which obligated defendant to pay alimony in the amount of $500 per month. Shortly thereafter, plaintiff left the state and now lives in Nogales, Arizona.

In November, 1982, defendant filed an order to show cause why alimony should not be terminated pursuant to U.C.A., 1953, § 30-3-5. An affidavit was filed in support thereof, wherein defendant stated that "plaintiff is residing with a person of the opposite sex, i.e. Dennis Warr, and has resided with him for approximately three years." After a hearing on the matter, the district court denied defendant's motion to terminate alimony, holding that the case falls outside the meaning of the subject statute.

U.C.A., 1953, § 30-3-5(3) provides as follows:

> Any order of the court that a party pay alimony to a former spouse shall be terminated upon application of that party establishing that the former spouse is residing with a person of the opposite sex unless it is further established by the person receiving alimony that the relationship or association between them is without any sexual contact.

The statute places the initial burden of proof on the person seeking to avoid alimony to show that the former spouse is "residing" with a person of the opposite sex. Once residence with a person of the opposite sex is established, alimony obligations are terminated unless the person receiving alimony can show that the relationship is "without any sexual contact."

In the instant case, the evidence is clear that plaintiff resides with Dennis Warr, and has done so for approximately three years. Plaintiff contends that it was a financial arrangement whereby she and Warr would share the rent, utility and grocery bills. She fails to prove, however, that her association with Warr was without any sexual contact. In fact, on direct examination plaintiff admitted that early in her relationship with Dennis Warr, they did have sexual relations and that she gave him a venereal disease.[1] Under the language of the statute, defendant is therefore freed from further alimony obligations.

Plaintiff relies on *Knuteson v. Knuteson,* Utah, 619 P.2d 1387 (1980), where we rejected application of the statute in the face of sexual contact in a "live-in" relationship. That case is easily distinguished on the facts, however, since the bases of the holding in *Knuteson* were (1) the woman was driven into living with a neighbor by the former husband's nonpayment of alimony; and (2) the woman never established "residence" with the neighbor.

The facts of the instant case are significantly different. By personal choice, this plaintiff resided permanently with a person of the opposite sex and had sexual contact with him. The trial court's denial of defendant's motion to terminate alimony is therefore reversed. No costs awarded.

---

1. Plaintiff alleges that defendant gave her the disease which, as found by the trial court, prevents her from engaging in normal sexual relationships. There was, however, testimony adduced at trial suggesting that in 1982, on occasion, Warr and plaintiff had shared the same bedroom.