OPINION
 

 Per Curiam:
 

 This is an appeal from a district court order denying a husband’s request to terminate alimony to his former wife based on a provision in their voluntary separation agreement. Because we conclude that the provision was not against public policy, we reverse the order of the district court.
 

 William I. Spector (“William”) and Marion Grace Spector (“Marion”) were married on September 6, 1970. On July 3, 1991, William filed for divorce. On April 27, 1992, the district court entered its findings of fact, conclusions of law and judgment, and decree of divorce. Incorporated into the decree was a child support and property settlement agreement voluntarily entered into by Marion and William. The agreement contains the provision at issue, which states:
 

 
 *1396
 
 [William] will pay [Marion] the sum of One Thousand Five Hundred Dollars ($1,500.00) per month for an indefinite period of time until [Marion]
 
 cohabits with an adult male not a member of her family in a romantic relationship,
 
 dies or remarries, or when [William] dies, becomes disabled or retires from the practice of medicine, whichever shall first occur (hereinafter “the cohabitation provision”).
 

 (Emphasis added.)
 

 On February 22, 1995, William filed a motion to modify the divorce decree based on his belief and information that Marion was cohabiting with an adult male not a member of her family in a romantic relationship.
 

 A hearing was held on April 12, 1995. When William’s attorney began to present evidence of Marion’s cohabitation with another man, the judge stopped him and elicited an admission from Marion that she was living with a man with whom she was sexually involved.
 
 [1]
 
 The judge stated in open court that whether Marion was cohabiting with a man was not the issue here, but rather the issue was whether the cohabitation provision was unenforceable as against public policy. In other words, the court considered whether the cohabitation provision was void
 
 ab initio.
 

 On May 18, 1995, the district court filed its order denying William’s motion to modify divorce decree, holding the cohabitation provision was against public policy. On June 19, 1995, William filed his notice of appeal.
 

 William argues that the cohabitation provision is not against public policy as evidenced by the overwhelming number of cases from other jurisdictions holding termination of alimony upon the recipient’s cohabitation is proper.
 
 [2]
 
 Marion cites no authority to the contrary.
 

 
 *1397
 
 We are persuaded by the ample amount of authority from other jurisdictions to conclude that this cohabitation provision is not against public policy. Accordingly, we reverse the district court’s order that the provision was void
 
 ab initio,
 
 and we remand this matter for further proceedings.
 
 [3]
 

 [1]
 

 Marion did not concede this was a “romantic” relationship, only that on occasion she had sexual relations with the man she lived with.
 

 [2]
 

 For cases which allow a voluntary agreement to end alimony upon the recipient’s cohabitation,
 
 see
 
 Quisenberry v. Quisenberry, 449 A.2d 274 (Del. Fam. Ct. 1982); Gale v. Rose, 455 So. 2d 476 (Fla. 1984); Alford v. Alford, 594 So. 2d 843 (Fla. Ct. App. 1992); Bell v. Bell, 468 N.E.2d 859 (Mass. 1984); Bisig v. Bisig, 469 A.2d 1348 (N.H. 1983); Russell v. Russell, 438 N.Y.S.2d 618 (N.Y. App. Div. 1981); Zipparo v. Zipparo, 416 N.Y.S.2d 321 (N.Y. App. Div. 1979); Rehm v. Rehm, 409 S.E.2d 723 (N.C. Ct. App. 1991); Taylor v. Taylor, 465 N.E.2d 476 (Ohio Ct. App. 1983); In re Marriage of Edwards, 698 P.2d 542 (Or. Ct. App. 1985); Frey v. Frey, 416 S.E.2d 40 (Va. App. 1992);
 
 see also
 
 Jones v. Jones, 93 Nev. 545, 571 P.2d 103 (1977).
 

 For cases which rely upon a statute that directs termination of alimony upon cohabitation,
 
 see
 
 McCluskey v. McCluskey, 528 So. 2d 328 (Ala. Civ. App. 1988); Hathcock v. Hathcock, 287 S.E.2d 19 (Ga. 1982); In re Support of Halford, 388 N.E.2d 1131 (Ill. 1979); Roberts v. Roberts, 657 P.2d 153 (Okla. 1983); Wacker v. Wacker, 668 P.2d 533 (Utah 1983).
 

 [3]
 

 The Honorable Thomas L. Steffen, Chief Justice, did not participate in the decision of this appeal.