**BIRD v. BIRD**

[363 N.C. 774 (2010)]

---

DEBORAH HAMPTON BIRD v. JAMES CALVIN BIRD, II

No. 545A08

(Filed 29 January 2010)

**1. Rules of Civil Procedure— summary judgment—private investigator's affidavit—passive voice—personal knowledge requirement**

An affidavit from a private detective in an alimony case that was phrased in the passive voice ("Michael Scott Cooper was observed . . .") satisfied the personal knowledge requirement of Rule 56(e) where the affidavit began with the statement that the investigator had been retained for the investigation, raising the reasonable inference that everything in her affidavit was based on her personal knowledge. There was no record or mention of any other individual performing the investigation, and the trial court's duty to treat indulgently the Rule 56 materials of the party opposing the motion reasonably encompassed the passive voice averments in this affidavit.

**2. Divorce— alimony—cohabitation—genuine issue of fact**

The forecasted evidence in an alimony case was sufficient to raise a genuine issue of material fact as to cohabitation by plaintiff former wife where the evidence, viewed collectively, tended to show that plaintiff (who was awarded alimony in the original

**BIRD v. BIRD**

[363 N.C. 774 (2010)]

action) and Cooper voluntarily assumed some degree of marital rights, duties, and obligations, but there was a genuine dispute regarding the subjective intent of plaintiff and Cooper regarding their relationship.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 193 N.C. App. 123, 668 S.E.2d 39 (2008), reversing an order granting summary judgment for plaintiff entered on 29 October 2007 by Judge Joseph E. Turner in District Court, Guilford County. On 5 February 2009, the Supreme Court allowed plaintiff's petition for discretionary review of additional issues. Heard in the Supreme Court 8 September 2009.

*Nix and Cecil, by Lee M. Cecil, for plaintiff-appellant.*

*Wyatt Early Harris Wheeler, LLP, by Arlene M. Reardon and Stanley F. Hammer, for defendant-appellee.*

MARTIN, Justice.

This appeal from a divided decision of the Court of Appeals presents the question of whether defendant's forecast of evidence was sufficient to overcome plaintiff's motion for summary judgment. The Court of Appeals held that the trial court erred in granting summary judgment to plaintiff. We affirm.

Plaintiff Deborah Hampton Bird and defendant James Calvin Bird, II were married on 18 August 1985 and legally separated on or about 1 January 2004. On 25 June 2004, plaintiff filed a complaint in District Court, Guilford County, seeking child custody, child support, postseparation support, alimony, and equitable distribution of marital property.

In an order entered on 3 February 2006, the trial court directed defendant to pay alimony to plaintiff in the amount of $5,592.27 per month from November 2005 through October 2008. Thereafter, defendant was ordered to pay $5,497.27 per month from November 2008 through October 2020. The trial court also ordered that defendant make a lump-sum payment of $10,000.00 every April beginning in 2007 and ending with the last such payment in 2020.

On 30 May 2007, defendant filed a motion to terminate the alimony order pursuant to N.C.G.S. § 50-16.9. In the motion defendant alleged that plaintiff was cohabiting with another man and that,

as, a result, defendant was permitted to terminate alimony payments. On 6 September 2007, plaintiff responded by filing a motion alleging that she was "entitled to a summary judgment in her favor, denying the defendant's motion to terminate alimony." In support of her motion, plaintiff submitted the affidavit of Michael Scott Cooper (the Cooper Affidavit). On 26 October 2007, defendant submitted an affidavit signed by Ann W. Cunningham (the Cunningham Affidavit) in opposition to plaintiff's motion for summary judgment. On 29 October 2007, the trial court granted plaintiff's motion for summary judgment.

On appeal, the Court of Appeals reversed the trial court's grant of summary judgment in favor of plaintiff. *Bird v. Bird*, 193 N.C. App. 123, 668 S.E.2d 39 (2008). The Court of Appeals concluded that the affidavits submitted by both parties created a genuine issue of material fact on cohabitation. *Id.* at 127, 668 S.E.2d at 42. Although Cunningham used the passive voice in her affidavit to describe events observed, the Court of Appeals concluded the Cunningham Affidavit complied with Rule of Civil Procedure 56(e) because it was "reasonable to assume that [she] was the observer referenced in her averments." *Id.* at 130, 668 S.E.2d at 43. Noting that the Cooper Affidavit, "standing alone, might give rise to an issue of fact on cohabitation," the court reviewed both affidavits and concluded they "clearly raised" an issue of fact. *Id.* at 129, 668 S.E.2d at 43. The dissenting judge believed that the Cunningham Affidavit did not comply with Rule 56(e) and that summary judgment in plaintiff's favor should be affirmed. *Id.* at 131, 668 S.E.2d at 44 (Jackson, J., dissenting).

Plaintiff appealed as of right to this Court based on the dissenting opinion. On 5 February 2009, this Court allowed plaintiff's petition for discretionary review as to additional issues.

**[1]** At the outset, we consider whether the affidavit signed by Ann W. Cunningham complies with Rule 56(e) of the North Carolina Rules of Civil Procedure.

"When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." N.C.G.S. § 1A-1, Rule 56(e) (2009); *see In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) ("[Summary] judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and

that any party is entitled to a judgment as a matter of law.' ") (citations omitted). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C.G.S. § 1A-1, Rule 56(e) (2009).

It is well settled that Rule 56(e) affidavits must be based on the affiant's personal knowledge. *See Singleton v. Stewart*, 280 N.C. 460, 467, 186 S.E.2d 400, 405 (1972) (holding that a portion of an affidavit stating, "[T]he plaintiff is advised and informed that . . ." could not be considered). Nonetheless, "the evidence forecast by the party against whom summary judgment is contemplated is to be indulgently regarded, while that of the party to benefit from summary judgment must be carefully scrutinized." *Creech v. Melnik*, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998) (citing *Page v. Sloan*, 281 N.C. 697, 704, 190 S.E.2d 189, 193 (1972)). Moreover, the trial court should consider the Rule 56 forecasts of evidence in the light most favorable to the nonmoving party. *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citing *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975)). Ultimately, "[i]f there is any question as to the *weight* of evidence, summary judgment should be denied." *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 220, 513 S.E.2d 320, 325 (1999) (emphasis added) (citing *Kessing v. Nat'l Mortgage Corp.*, 278 N.C. 523, 535, 180 S.E.2d 823, 830 (1971)).

Defendant, the nonmoving party in the trial court here, asserted that plaintiff cohabited with another man, Michael Scott Cooper, and sought to terminate his alimony payments to plaintiff on that basis. Defendant tendered the Cunningham Affidavit in opposition to plaintiff's motion for summary judgment. In her affidavit, Cunningham averred that she was a private investigator with Cunningham & Associates and a member of the National Association of Investigative Services. She further stated:

3.

I was retained to investigate Michael Scott Cooper and Deborah Hampton Bird to determine whether they cohabited.

4.

Michael Scott Cooper was observed during the months of February and March 2007.

5.

During the investigation, Michael Scott Cooper was observed at Deborah Hampton Bird's residence for a minimum of eleven (11) consecutive nights.

6.

During the investigation, Michael Scott Cooper was observed on numerous occasions driving the vehicle of Ms. Hampton Bird, and she was observed driving his vehicle on numerous occasions.

7.

During the investigation, Michael Scott Cooper was observed moving furniture and boxes into the residence of Ms. Hampton Bird.

8.

During the investigation, Michael Scott Cooper's residence in Hillsborough, NC appeared as though no one lived in the house. A rug had been rolled up in the middle of the living room floor, and furniture seemed to be absent from the house. There were two ceiling fans in boxes on the floor. A fine layer of dust could be seen on the furniture and floor. The office in the house was observed to be dusty. Plants in said residence appeared to be in need of water.

. . . .

13.

Michael Scott Cooper was observed to park, regularly, in Deborah Hampton Bird's garage.

14.

Michael Scott Cooper was regularly observed assisting Ms. Bird with chores such as walking the dog, taking care of the dog, unloading the vehicle when she returned from trips, and assisting her when she returned from the grocery store.

15.

On at least one occasion, Michael Scott Cooper was observed allowing workmen into the home of Ms. Bird when she was not present. He remained in the home during the entire time the workmen serviced the home and then he showed them out of the house.

**BIRD v. BIRD**

[363 N.C. 774 (2010)]

Plaintiff argues that the repeated use of the passive voice in the Cunningham Affidavit fails to satisfy the personal knowledge requirement of Rule 56(e).

We disagree and hold that the trial court was permitted to consider the Cunningham Affidavit under the specific facts of this case. As an initial matter, Cunningham's statement that she "was retained to investigate Michael Scott Cooper and Deborah Hampton Bird to determine whether they cohabited" raises a reasonable inference that everything in her affidavit is based on her personal knowledge as an investigator. Although her investigative agency is titled "Cunningham & Associates," there is no record or mention of any other individual performing the instant investigation. To be sure, the trial court's duty to treat indulgently the Rule 56 materials of the party opposing the motion reasonably encompasses the passive voice averments set forth in the Cunningham Affidavit.[1] Accordingly, we affirm the Court of Appeals on this question.

**[2]** We next consider whether the forecasted evidence of cohabitation was sufficient to overcome plaintiff's motion for summary judgment.

The General Assembly enacted the current version of the alimony statute in 1995. Act of June 21, 1995, ch. 319, sec. 2, 1995 N.C. Sess. Laws 641 (codified at N.C.G.S. §§ 50-16.1A to -16.9 (2009)). The present statute "reflects the modern notions of need as the basis for alimony [and] grant[s] the court authority also to consider fault." 2 Suzanne Reynolds & Jacqueline Kane Connors, *Lee's North Carolina Family Law* § 9.3, at 283 (5th ed. 1999) [hereinafter *Lee's Family Law*]. Under the current statute, "[i]f a dependent spouse . . . engages in cohabitation . . . alimony shall terminate." N.C.G.S. § 50-16.9(b) (2009).

Cohabitation is defined by statute as "the act of two adults dwelling together continuously and habitually in a private heterosexual relationship." *Id.* "Cohabitation is evidenced by the voluntary mutual assumption of those marital rights, duties, and obligations which are usually manifested by married people, and which include, but are not necessarily dependent on, sexual relations." *Id.* Therefore, to find cohabitation, there must be evidence of: (1) a "dwelling together continuously and habitually" of two adults and (2) a "voluntary mutual assumption of those marital rights, duties, and

---

1. As has been aptly observed, "[i]n spite of generations of textbooks, use of the passive [voice] has increased." *Webster's Dictionary of English Usage* 720 (1989).

obligations which are usually manifested by married people." *Id.*; *see Lee's Family Law* § 9.85, at 494-95; *cf. Craddock v. Craddock*, 188 N.C. App. 806, 812, 656 S.E.2d 716, 720 (2008) (holding that conflicting evidence related to various factors including frequency of overnight visits by alleged cohabiting man presented genuine issues of material fact); *Oakley v. Oakley*, 165 N.C. App. 859, 863, 599 S.E.2d 925, 928 (2004) (holding sexual relationship and occasional trips and dates insufficient standing alone to show cohabitation).

The parties' forecast of evidence in the present case consisted primarily of the Cooper and the Cunningham affidavits. Cooper conceded that he "was involved intermittently in a romantic relationship with the plaintiff." Cooper also averred that during his relationship with plaintiff, they dated each other exclusively at times and casually at other times. Cooper stated that he rented the house he owned in Summerfield, North Carolina, in order to move his residence to Hillsborough, North Carolina, and while doing so, he "stayed occasionally" with plaintiff. Though acknowledging that he swapped vehicles with plaintiff, Cooper claimed he used plaintiff's vehicle solely because "her . . . vehicle was more suited for moving furniture." Cooper also stated that he gave plaintiff furniture he no longer needed and helped her move it into her home. However, he claimed that he "never moved [his] property into [her] residence" and that he "did not share finances" with plaintiff. Finally, he acknowledged that plaintiff and he took "trips together" and "dined together with her children." On the ultimate question, Cooper stated that he never cohabited with plaintiff.

Cunningham alleged in her affidavit that Cooper had been observed at plaintiff's home "for a minimum of eleven (11) consecutive nights"; that plaintiff and Cooper were observed driving each other's vehicles; that Cooper was observed moving furniture and boxes into plaintiff's home, walking plaintiff's dog, parking in plaintiff's garage, and carrying groceries into plaintiff's home; that Cooper let workers into and out of plaintiff's home; and that Cooper's residence in Hillsborough appeared neglected "as though no one lived in the house."

The parties have not cited and we have not located a case addressing the quantum of forecasted evidence necessary to present an issue of material fact on the question of cohabitation. The Court of Appeals, however, has addressed this issue on numerous occasions. Prior to the 1995 version of the alimony statute, the Court of Appeals

BIRD v. BIRD

[363 N.C. 774 (2010)]

decided *Rehm v. Rehm*, 104 N.C. App. 490, 409 S.E.2d 723 (1991). In that case, the parties entered into a separation agreement whereby the husband would pay alimony to the wife until a series of events occurred, including "if the wife cohabits with someone of the opposite sex." *Id.* at 491, 409 S.E.2d at 723 (emphasis omitted). After the husband stopped paying alimony based on the wife's alleged cohabitation, the wife sought to recover the unpaid alimony. *Id.* The wife appealed from the trial court's order terminating the husband's obligation to pay alimony. 104 N.C. App. at 492, 409 S.E.2d at 723.

Lacking a statutory definition of cohabitation at that time, the Court of Appeals considered the dictionary definition of that term: "To live together as husband and wife. The mutual assumption of those marital rights, duties and obligations which are usually manifested by married people, including but not necessarily dependent on sexual relations." *Id.* at 493, 409 S.E.2d at 724 (quoting *Black's Law Dictionary* 236 (5th ed. 1979)). The court found "sufficient evidence . . . to support the findings of fact and adequate findings of fact to support the trial court's conclusions of law" that the former wife had engaged in cohabitation. *Id.* at 494, 409 S.E.2d at 725. The findings of fact included the following: the wife had monogamous sexual relations with a man who was an overnight guest in her home as many as five times per week; when leaving the home he kissed the wife goodbye; and he went on trips lasting more than one day with the wife and sometimes with a minor child. *Id.* at 492-93, 409 S.E.2d at 724.

After the 1995 revisions to the alimony statute, the Court of Appeals again considered when alimony should terminate based on cohabitation. In *Oakley v. Oakley*, the wife filed a motion for contempt against her former husband for failure to pay alimony. 165 N.C. App. at 860, 599 S.E.2d at 926-27. The husband claimed his former wife's alleged cohabitation extinguished his alimony obligation. The Court of Appeals affirmed the trial court's findings and conclusion that the wife did not engage in cohabitation. *Id.* at 863, 599 S.E.2d at 928.

In its analysis the Court of Appeals addressed the voluntary assumption of marital rights and duties under section 50-16.9 by considering the law that defines resumption of the marital relationship. *Id.* at 862, 599 S.E.2d at 928 (citing N.C.G.S. § 52-10.2 (2009) (defining "[r]esumption of marital relations" as "voluntary renewal of the husband and wife relationship, as shown by the totality of the circum-

stances. Isolated instances of sexual intercourse . . . shall not constitute resumption of marital relations.")). Under this approach, two methods are utilized to determine whether the parties have resumed their marital relationship: (1) "where there is objective evidence, that is not conflicting, that the parties have held themselves out as man and wife, the court does not consider the subjective intent of the parties"; (2) "where the objective evidence of cohabitation is conflicting," the parties' "subjective intent" can be considered. *Id.* at 863, 599 S.E.2d at 928 (citations omitted). Applying this methodology to the question of cohabitation, the court determined that the defendant had failed to present any evidence of activities beyond a sexual relationship and occasional trips and dates. *Id.* Accordingly, because there was "no assumption of any 'marital rights, duties, and obligations which are usually manifested by married people,' " *id.*, the court affirmed the trial court's findings and conclusion that the plaintiff had not engaged in cohabitation.

Another cohabitation case, *Craddock v. Craddock*, concerned an action to recover alimony based on the provisions of the parties' separation agreement. 188 N.C. App. at 808, 656 S.E.2d at 718. The separation agreement included a termination clause for cohabitation. *Id.* The Court of Appeals applied the *Oakley* analysis and considered the parties' subjective intent along with objective evidence of cohabitation. 188 N.C. App. at 811-12, 656 S.E.2d at 719-20. The court found that the former wife had a mutually exclusive relationship with another man. *Id.* at 811, 656 S.E.2d at 720. They "went out to eat dinner or cooked meals together on the weekends, went to movies, traveled together on overnight vacations, spent holidays together, exchanged gifts, and engaged in monogamous sexual activity." *Id.* at 811-12, 656 S.E.2d at 720.

The evidence in *Craddock* conflicted, however, over how often the man stayed overnight, whether he permanently kept clothes at the former wife's home, and "to what extent [he] used plaintiff's residence as his 'base of operations' for his real estate appraisal business." *Id.* at 812, 656 S.E.2d at 720. Reversing the trial court's grant of summary judgment in the wife's favor, the Court of Appeals observed that " '[s]ummary judgment is rarely proper when a state of mind . . . is at issue.' " *Id.* (quoting *Valdese Gen. Hosp., Inc. v. Burns*, 79 N.C. App. 163, 165, 339 S.E.2d 23, 25 (1986)). The court ultimately concluded that "genuine issues of material fact exist[ed] on whether plaintiff and [another man] engaged in cohabitation." 188 N.C. App. at 812, 656 S.E.2d at 720.

**BIRD v. BIRD**

[363 N.C. 774 (2010)]

Turning to the present case, the forecast of evidence is sufficient to overcome summary judgment. Cunningham's investigation determined that Cooper stayed in the plaintiff's home for eleven consecutive nights. Both affidavits acknowledged that Cooper and plaintiff exchanged vehicles, and Cooper's vehicle was regularly observed at plaintiff's home. Cunningham also observed Cooper moving furniture and boxes into plaintiff's home. Cunningham noted that Cooper allowed workers into plaintiff's residence and apparently supervised their work before escorting them out of the home. Significantly, Cooper's residence in Hillsborough "appeared as though no one lived [there]."

Evidence was also forecasted as to the voluntary assumption of marital rights, duties, and obligations by Cooper and plaintiff. The relationship included activities such as sharing in chores and participating in typical family activities like going out to dinner. Cunningham observed Cooper walking plaintiff's dog and unloading the vehicle when plaintiff returned from trips. All of these incidents, when viewed collectively, tended to show that plaintiff and Cooper voluntarily assumed some degree of marital rights, duties, and obligations.

As evidenced by plaintiff and Cooper's denial of cohabitation, there is also a genuine dispute regarding the subjective intent of plaintiff and Cooper with respect to their relationship. Because summary judgment is "particularly inappropriate where issues such as motive, intent, and other subjective feelings and reactions are material," *Creech*, 347 N.C. at 530, 495 S.E.2d at 913 (citation omitted), the trial court erred by granting plaintiff's motion for summary judgment.

Like the Court of Appeals, we express no opinion on the merits. *Bird*, 193 N.C. App. at 130-31, 668 S.E.2d at 44 (majority) (" '[I]t is not the function of this Court, or the trial court for that matter, to weigh conflicting evidence of record.' " (quoting *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004) (alteration in original))). Nonetheless, because "[s]ummary judgment is inappropriate where reasonable minds might easily differ as to the import of the evidence," *Marcus Bros.*, 350 N.C. at 221-22, 513 S.E.2d at 326 (citing *Dettor v. BHI Prop. Co. No. 101*, 324 N.C. 518, 522, 379 S.E.2d 851, 853 (1989)), we hold that the Cunningham Affidavit, when considered alongside the Cooper Affidavit, raises a genuine issue of material fact on the question of cohabitation. The Court of Appeals

properly reversed the trial court's order granting plaintiff's motion for summary judgment. Accordingly, we affirm the decision of the Court of Appeals.

AFFIRMED.

